UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LYLE VERRY and CARLA VERRY

       Plaintiffs,                  No. 2:06-CV-01566-LKK-EFB

Vs.

GENERAL MOTORS CORPORATION

       Defendant.

_____

**STIPULATED AGREED PROTECTIVE ORDER**
**REGARDING DR. WILLIAM WECKER FILE MATERIALS**

The parties hereby stipulate and agree, and, good cause being shown, the Court hereby orders as follows with respect to the disclosure and handling of certain data from Dr. William E. Wecker of William E. Wecker Associates, Inc., an expert witness for General Motors Corporation in the above-captioned litigation:

1.     Dr. Wecker is ordered to produce to Plaintiff, subject to this Order, those portions of vehicle registration data obtained by Dr. Wecker from R.L. Polk & Co. ("Polk"), certain software licensed by Polk for use in processing data containing vehicle identification numbers, vehicle accident data obtained by Dr. Wecker from certain states, and various materials in electronic and/or "hard-copy" formats used by him in performing the analysis relied on by him for the opinions he expects to offer as testimony at trial in this litigation.  The parties agree and understand that all these data and materials are proprietary to Polk, the individual states, and/or Dr. Wecker, as applicable, having been gathered from individual state departments of motor vehicles and/or state records, organized, and processed by Polk, individual states, and Dr. Wecker, as applicable, at considerable expense.  In addition, Polk licenses third parties to use

their datafiles for limited purposes in exchange for the payment of licensing fees; William E. Wecker Associates, Inc., has paid the necessary licensing fees for its own use of the datafiles. In doing so, Polk imposes contractual restrictions on the use and dissemination of the data files and software it provides to its licensees. Various states likewise impose contractual restrictions on the dissemination of data files they provide in exchange for certain fees.

2. The parties shall treat the data and other materials referenced in paragraph 1 as confidential pursuant to the terms of this Stipulated Protective Order. The parties shall designate documents or materials that include, or reflect, the data and other materials referenced in paragraph 1 ("designated materials") as "Subject to Stipulated Protective Order" (or other similar legend), which designation shall make such items and all copies, prints, summaries or other reproductions of such data and other materials subject to this Order. All designated materials produced or generated during the course of this litigation will be clearly stamped or labeled "Subject to Stipulated Confidentiality Order" (or other similar legend) and testimony or other types of designated materials shall be similarly marked in clear terms.

3. Designated materials subject to this Order may be disclosed only to (a) the parties in this litigation; (b) attorneys for the parties and their paralegal and clerical staffs; (c) experts retained by the receiving parties or their attorneys for assistance in trial preparation or for testimony; and (d) this Court and the jurors selected for the trial of this action. With the sole exception of this Court and the jury, disclosure shall be made to such persons only as necessary for the prosecution of the lawsuit and only after the person to whom disclosure is made has been presented with a copy of this Order, has reviewed its terms, and has agreed in writing to be bound by it. In the case of testifying experts retained by the receiving party, the written acknowledgement of this Order and agreement to be bound shall be in substantially the form of acknowledgment and agreement appended hereto as Exhibit 1 (the "Expert's Acknowledgment"), addressed to and maintained by counsel for the party retaining such experts. A copy of said Expert's Acknowledgment shall promptly be supplied to counsel for General Motors, at which time the designated materials may then be disclosed to such expert. In the case

of undisclosed, consulting experts, the attorney retaining such expert(s) shall first obtain, and thereafter maintain in his or her files, an executed Expert's Acknowledgment, and so certify in writing to GM's counsel prior to disclosing designated materials to such consulting expert(s). Designated materials shall not be disclosed to any person or in any manner not specified in this Order or be used for any purpose other than the prosecution of this lawsuit.

   4.  The parties shall act to preserve the confidentiality of designated materials. ~~If such information is lodged or filed with the Court, it shall be filed under seal and with appropriate notation of the applicability of this Order~~.

   5.  If any party wishes to modify this Order or its application to certain documents or information, the party shall first request such modification on a consensual basis from the other parties and, if no satisfactory agreement is reached, may petition the Court for modification. Until modification is granted by agreement or order, the terms of this Order shall govern.

   6.  This Order shall not preclude the parties from exercising any rights or raising any objections otherwise available to them under the rules of discovery and evidence.

   7.  Promptly upon resolution of this lawsuit, by final judgment or settlement, Plaintiff's counsel and their retained experts shall return to GM's counsel all data, documents and information that are subject to this Order, including any and all copies, derivations, compilations, extracts and abstracts thereof and therefrom, in any form.  Designated materials marked as trial exhibits shall be returned to counsel for General Motors.

8. Breach of the obligation to maintain the confidentiality of information covered by this Order ~~shall be punishable as contempt of Court, in addition to such other~~ may result in sanctions as the Court deems appropriate.

SO STIPULATED:

     Signature on original
_____                    Dated: _____
     Counsel for Defendant
     General Motors Corp.


     Signature on original
_____                    Dated: _____
     Counsel for Plaintiff


     The court approves this stipulated protective order subject to the modifications made herein. To the extent the parties wish to file documents under seal, they are required to comply with the applicable local rules. *See* Local Rule 39-141.

SO ORDERED.

DATED: December 21, 2007.

                                        EDMUND F. BRENNAN
                                        UNITED STATES MAGISTRATE JUDGE

# Exhibit 1

# Form of Expert's Acknowledgment

# [EXPERT'S LETTERHEAD]

_____, 2007

**[PLAINTIFF'S COUNSEL NAME AND ADDRESS]**

    Re:  <u>Verry  v. General Motors Corp., et al.</u> (the "*Verry* Case")

Dear Counsel:

    Reference is made to that certain Stipulated Confidentiality Order, filed _____, 2007, in the above-captioned lawsuit (the "Order").  A person seeking access to certain "designated materials," as that term is defined in the Order, of Dr. William E. Wecker, of William E. Wecker & Associates, Inc., an expert witness designated by defendant General Motors ("GM"), must first (i) obtain a copy of the Order, (ii) review its terms, and (iii) agree in writing to be bound by the Order.  By signing this letter the undersigned certifies that he has obtained a copy and reviewed the terms of the Order, and hereby agrees to be bound by it.

    I understand that the Order requires, among other things, that I use the "designated materials" only in connection with Plaintiff's efforts to prosecute the *Verry* Case, and that upon the conclusion of the *Verry* Case I return all copies of the "designated materials" to GM's counsel.

                        Sincerely,


                        Expert's Name

PAS01\63652.1
ID\KLFS